# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9289 | **DATE** | 10/24/2003 |
| **CASE TITLE** | Dillon vs. Watson Bowman Acme Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to transfer is granted. Accordingly, this action is transferred to the United States District Court for the Western District of New York. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 12/17/03 and trial set for 1/6/04 are also vacated. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 2 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 21 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/24/2003 | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



STEPHEN DILLON,

      Plaintiff,

v.                        No. 02 C 9289

WATSON BOWMAN ACME CORP.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Dillon, a citizen of Illinois, filed suit alleging breach of contract and promissory estoppel against his former employer, Watson Bowman Acme Corp. ("Watson"), a New York corporation. Mr. Dillon claims that Watson contracted to pay him both relocation expenses and a bonus and failed to do so. Watson has filed a motion to transfer venue to the United States District Court for the Western District of New York, pursuant to 28 U.S.C. §1404(a). I grant Watson's motion.

This court may transfer venue to another district court for reasons of convenience when it is "in the interest of justice." *28 U.S.C. §1404(a)*. The moving party must show that (1) venue is proper in this district, (2) venue is proper in the transferee district, and (3) the transferee district is more convenient for both the parties and witnesses and serves the interest of justice. *College Craft Co., Inc. v. Perry*, 889 F. Supp. 1052, 1054 (N.D.

21

Ill. 1995). Neither party contests the propriety of venue in either district, so the remaining issue is whether the Western District of New York is clearly more convenient.

I consider both the private interests of the parties and the public interests of the court when evaluating the relative convenience of two forums. "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* The private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Id.* The public interests considered include the court's familiarity with the applicable law and other factors relating to efficient administration of the judicial system. *Id.* at 1056.

Mr. Dillon has chosen to litigate these claims in the Northern District of Illinois. While the plaintiff's choice of forum is usually given deference, that choice is given less weight when the forum has little connection with the material events. *See, e.g., Technical Concepts LP v. Zurn Indus., Inc.*, No. 02-C5150, 2002 WL 3143408, at *3 (N.D. Ill. Oct. 31, 2002); *Pansophic Sys., Inc. v. Graphic Computer Service, Inc.*, 736 F. Supp. 878, 880 (N.D. Ill. 1990).

The vast majority of the material events related to Mr. Dillon's claims occurred in New York. Watson's headquarters are located in Amherst, New York, as are the offices of Watson's president, human resources department, and Mr. Dillon's immediate supervisor during his employment. Mr. Dillon was interviewed in New York, and correspondence regarding his hiring was sent from New York to his Texas home. Mr. Dillon was paid from the New York office and at least one in-person relocation meeting took place in New York. Mr. Dillon traveled to New York on business, and when he was terminated, it was at Watson's New York office. In contrast, the only events to take place in Illinois were Mr. Dillon's efforts to find a new home and his post-termination relocation to Hinsdale, Illinois. In combination, these first two factors weigh heavily in favor of transfer.

Mr. Dillon is an Illinois resident; Watson is a New York corporation. Whether this district or the Western District of New York is chosen, one of the parties will be inconvenienced. Transfer is not proper where it simply serves to shift inconvenience from one party to the other. *See, e.g., Technical Concepts*, 2002 WL 31433408, at *5. This factor weighs against transfer.

I also consider the convenience of the witnesses, particularly the non-party witnesses. Watson identifies both party and non-party witnesses: its president, its human resources director, Mr.

Dillon's direct supervisor, and two relocation consultants hired from an outside firm. Watson states that these witnesses have knowledge of its relocation and bonus policies and the application of those policies to Mr. Dillon's employment. The convenience of non-party witnesses generally weighs more in the decision to transfer under § 1404(a); party witnesses, such as employees, are presumed likely to appear voluntarily regardless of where a claim is heard. *College Craft*, 889 F. Supp. at 1055; *Pansophic Sys.*, 736 F. Supp at 881. Non-party witnesses in this case include Watson's two relocation consultants, located in Connecticut, and several of Mr. Dillon's planned witnesses: his wife, two realtors from Illinois, the president of Watson's parent company located in Ohio, and one individual of unknown location. Mr. Dillon provides no suggestion of what his witnesses will testify to, though presumably the realtors and his wife will attest to his relocation efforts. Neither New York nor Illinois will be a convenient location for those witnesses located outside of both states; neither court will have the power to compel their presence.

Mr. Dillon also lists as witnesses a number of Watson's employees, including the same employees Watson intends to call as witnesses. While Mr. Dillon makes no indication as to what testimony he expects to elicit from these witnesses, it is likely that they will testify about Watson's relocation and bonus policies, as well as Watson's dealings with Mr. Dillon. This

4

testimony is more central to Mr. Dillon's claims of breach of contract and promissory estoppel than testimony regarding his efforts to locate a home in Illinois. This factor weighs slightly in favor of transfer.

In weighing a motion for transfer, I must also consider the "interest of justice," focusing on the efficient administration of justice instead of the private concerns of the litigants. *College Craft*, 889 F. Supp. at 1056. First, as noted above, these claims have few if any connections to Illinois. Most of the material events occurred in New York, including the negotiation, creation, and alleged non-performance of any contract regarding Mr. Dillon's relocation or bonus. Further, the alleged contracts in this case will likely be governed by New York, not Illinois, law. *See, e.g., Hill v. Shell Oil Co.*, 149 F. Supp. 2d 416, 419 (N.D. Ill. 2001) (applying "most significant contacts" test); *Wilkes v. Accustaff, Inc.*, 42 F. Supp. 2d 842, 844 (N.D. Ill. 1999). Diversity cases, such as this one, should generally be decided by the court most familiar with the law to be applied. *Pansophic Sys.*, 736 F. Supp. at 881-882. Both considerations weigh in favor of transfer.

On balance, the factors present in this case weigh in favor of transfer. While Mr. Dillon selected this forum in which to bring his claims, the material events surrounding those claims have no connection to Illinois and significant connection to New York. Many of the relevant witnesses are located in New York, and New

York law will likely be applied to his claims. This action will be transferred to the Western District of New York.

ENTER ORDER:

*Elaine E Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: October 24, 2003